# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT BOYLES, JR.,

    Defendant.

Case No. 18-20092-JAR

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Robert Boyles, Jr.'s Motion for Compassionate Release under the First Step Act (Doc. 25). Defendant moves for compassionate release on the grounds that he is a vulnerable inmate at high risk for contracting COVID-19 due to his compromised immune system. The Government opposes Defendant's motion. For the reasons explained in detail below, the Court denies Defendant's motion for lack of jurisdiction.

## I. Background

On May 24, 2019, Defendant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] On September 16, 2019, the Court sentenced Defendant to 24 months' imprisonment.[2] Defendant is currently incarcerated at USP Leavenworth. He is 56 years old and his release date is May 15, 2021.

On April 8, 2020, Defendant filed this motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[3] Defendant states that he was diagnosed with an "immune deficiency

---

[1] Doc. 17.
[2] Doc. 23.
[3] Doc. 25.

1

disorder" in 2005, and has been under the care of an infectious disease specialist both before and during his incarceration. Defendant is also being treated for high blood pressure and vitamin D deficiency. Defendant asserts that his circumstances are extraordinary and compelling and requests that he be released from prison to home confinement during the COVID-19 pandemic where he can practice social distancing and minimize the risk of contracting the virus. Defendant urges that his underlying health conditions make him vulnerable to COVID-19 and should he contract the virus, he would not recover.

## II. Discussion

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move for compassionate release.[4] This amendment did not give defendants the unrestricted ability to seek compassionate release, but provides that such a motion may be filed only if certain conditions are met:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) In any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or

---

[4]*See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5238. Before 2018, only the Bureau of Prisons ("BOP") could move for compassionate release of a criminal defendant.

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[5]

Thus, a criminal defendant may file a motion for compassionate release only if: "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."[6]

As the Government points out, Defendant has not indicated that he has exhausted all of his administrative rights to appeal the BOP's failure to bring a motion on his behalf or that he has requested a compassionate release from the warden of UPS Leavenworth. Thus, neither condition of § 3582(c) is met. This Court joins the many other courts that have recently concluded that such failure to satisfy § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release and that the courts lack authority "to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic."[7] The Court recognizes that some courts, including the epicenter of the pandemic in the Southern District of New York , have held that exhaustion is not necessary due to the exigent nature of the COVID-19 pandemic.[8] However, the Court respectfully disagrees with this view as inconsistent

---

[5]18 U.S.C. § 3582(c) (emphasis added).

[6]*United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

[7]*See, e.g., id.* (collecting cases); *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1–2 (D. Colo. Apr. 3, 2020) (finding defendant's argument that the court could read an exception into the exhaustion requirement "unpersuasive" and "unsupported by case law").

[8]*See, e.g.,United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) (concluding that exhaustion was not necessary because "requiring [Defendant] to exhaust administrative remedies, given his unique circumstances and the exigency of a rapidly advancing pandemic, would result in undue

with both the plain text of § 3582(c)(1)(A) and Supreme Court precedent explaining that when Congress provides a statutory exhaustion provision, "courts have a role in creating exceptions only if Congress wants them to," and thus mandatory exhaustions statutes "establish mandatory exhaustion regimes, foreclosing judicial discretion."[9]

Given the Court's conclusion that Defendant has not exhausted his administrative remedies, it does not decide whether he has established that there are "extraordinary and compelling reasons" why he should be released. Although the Court is sympathetic to Defendant's health issues and the exigent circumstances surrounding the pandemic, it "may not take action where it lacks statutory authorization to do so."[10] Accordingly, the Court lacks jurisdiction over Defendant's request for a sentence reduction and his motion is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: April 10, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

prejudice and render exhaustion of the full BOP administrative process both futile and inadequate); *United States v. Perez*, ---F. Supp. 3d---, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (same).

[9]*Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (citations omitted).

[10]*Perry*, 2020 WL 1676773, at *2 n.2 (noting an alternative pathway for defendants to seek relief under 18 U.S.C. § 3624(c)(2), which permits the Director of the BOP to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," that the CARES Act, enacted on March 27, 2020, allows the Director of the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under that statute. Pub. L. 116-136, § 12003(b)(2), and that "Attorney General William P. Barr has issued a memorandum directing the Director to 'prioritize the use of [the Director's] various statutory authorities to grant home confinement for inmates,' considering 'the totality of the circumstances for each individual inmate, the statutory requirements for home confinement' and various discretionary factors," but noting "however, this procedure is separate from the Court's jurisdiction to reduce a sentence pursuant to § 3582(c)(1)(A)." (quoting Memorandum for the Director of the Bureau of Prisons from the Attorney General, March 26, 2020, at 1–2)).